LEHMAN, AS SUPERINTENDENT OF THE INDIANA GIRLS
SCHOOL *v.* MONTGOMERY.

[No. 29,107. Filed June 15, 1954.]

*Edwin K. Steers*, Attorney General, *Carl M. Franceschini* and *Frank E. Spencer*, Deputy Attorneys General, for appellant.

*Robert E. Coates*, of Indianapolis, for appellee.

BOBBITT, J.—Appellee, as the mother of Nellie Marie Montgomery, a child of the age of thirteen years, filed in the Superior Court of Marion County, Room 3, an amended petition for writ of habeas corpus alleging that said child was unlawfully restrained of her liberty by the Superintendent of the Indiana Girls School, and that she (appellee) was rightfully entitled to the custody and possession of said child. The amended petition further alleged that the child was being held under a "pretended" commitment issued by the Marion County Juvenile Court, and that such restraint was illegal in that (1) the said child was not permitted to be represented by counsel, nor was she provided the means with which to employ counsel or to prepare her defense; (2) that the petitioner-appellee was not permitted to provide counsel for the alleged delinquent child; (3) that during all the proceedings in the Juvenile Court the prosecuting attorney of Marion County was neither present nor represented by deputy; and (4) that during the proceedings a referee of the court "acted in a dual capacity as Judge and Prosecutor."

Appellant's return *inter alia* asserts that Nellie Marie Montgomery was being held by virtue of an

order of commitment issued by the Marion County Juvenile Court and that the term of her commitment had not expired.

The trial court found for the petitioner and ordered the release of the child from custody. From this order respondent-appellant prosecutes this appeal.

Appellant asserts that habeas corpus is not a proper remedy and that the matters alleged in the petition could now be raised only by petition for writ of error *coram nobis* filed in the Marion County Juvenile Court.

The Marion County Juvenile Court has all the incidental powers of other courts. See *Doe on the Demise of Hain and Others* v. *Smith* (1849), 1 Ind. 451, 456. It has exclusive original jurisdiction of delinquent, dependent, and neglected children as defined by the statute,[1] and such other jurisdiction as is conferred by law.[2] It is a court of record.[3] An appeal, as in criminal cases, from the circuit or criminal courts, lies from its judgments.[4] Its jurisdiction is concurrent in matters pertaining to delinquent, dependent, and neglected children with circuit and superior courts in counties not having a special juvenile court.[5] Acts 1949, ch. 20, §1, p. 37, being §9-3102, Burns' 1953 Cum. Supp.; Acts 1945, ch. 347, §12, p. 1647, being §9-3112, Burns' 1953 Cum. Supp.

Appellee's action herein is a collateral attack on a judgment of the Marion County Juvenile Court.

1. Section 9-3204, §9-3205, §9-3206, Burns' 1953 Cum. Supp.
2. Acts 1947, ch. 354, §1, p. 1427, being § 9-3103, Burns' 1953 Cum. Supp.; *State ex rel. Bradshaw* v. *Probate Ct. of Marion County* (1947), 225 Ind. 268, 272, 73 N. E. 2d 769.
3. Acts 1945, ch. 347, §4, p. 1647, being §9-3104, Burns' 1953 Cum. Supp.; Acts 1945, ch. 347, §14, p. 1647, being §9-3114, Burns' 1953 Cum. Supp.
4. Acts 1945, ch. 356, §21, p. 1724, being §9-3221, Burns' 1953 Cum. Supp.
5. See: 29 Ind. L. J. 3 (1954), p. 475 for discussion of the rise and developments of Juvenile Court systems.

A writ of habeas corpus raises only the question of the jurisdiction of the court over the person and the subject-matter, and its jurisdiction to enter the particular judgment. *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 493, 102 N. E. 2d 630.

While an act of juvenile delinquency is not a crime, *State ex rel. Johnson* v. *White Circuit Ct.* (1948), 225 Ind. 602, 77 N. E. 2d 298, it is, nevertheless, a wrong against the state, and a proceeding for the correction of such wrong is of such a nature as to fall within the rule that, "The proceedings for the writ of habeas corpus in this state where the jurisdiction of the court in a criminal prosecution is involved do not put in issue matters dehors the record." *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 495, 102 N. E. 2d 630, *supra.*

None of the alleged errors asserted in relator's petition for writ of habeas corpus are apparent on the face of the record.

The intrinsic record of the Marion Juvenile Court discloses that its jurisdiction was properly invoked by the filing of a petition as provided by statute.[6] It further appears that proper summons was issued to the parents of the child to bring her into court, and that the child's mother appeared with her at the hearing. The record also discloses that the juvenile court properly exercised its jurisdiction—that it had jurisdiction of the person of the child, the offense with which she was charged, and the jurisdiction to enter a judgment committing her to the Indiana Girls School.[7] The commitment is regular and based upon a judgment which is valid on its face.

6. Acts 1945, ch. 356, §7, p. 1724, being §9-3207, Burns' 1953 Cum. Supp.
7. Acts 1945, ch. 356, §15, p. 1724, being §9-3215(2) Burns' 1953 Cum. Supp.

The alleged irregularities upon which appellee relies to support the writ do not appear on the face of the intrinsic record, hence habeas corpus will not lie. *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630, *supra; Shoemaker* v. *Dowd* (1953), 232 Ind. 602, 115 N. E. 2d 443, 446.

It also clearly appears from the record that the order which committed the child, Nellie· Marie Montgomery, to the Girls School was a final judgment of the Marion County Juvenile Court. This court is one of competent jurisdiction in matters pertaining to delinquent, dependent, and neglected children. It further appears that the term for which said child was committed has not expired. Hence, the Marion Superior Court was without jurisdiction to inquire into the judgment of the Marion County Juvenile Court. *Bryarly* v. *Howard, Warden* (1947), 225 Ind. 183, 186, 73 N. E. 2d 678; *State ex rel. McManamon* v. *Blackford C. Ct.* (1950), 229 Ind. 3, 12, 95 N. E. 2d 556.

Appellee's remedy here was by appeal from the order of commitment; Acts 1945, ch. 356, §21, p. 1724, being §9-3221, Burns' 1953 Cum. Supp.; *Dinkla* v. *Miles* (1934), 206 Ind. 124, 127, 188 N. E. 577; or by writ of error *coram nobis* in the court where the judgment was rendered.

Judgment reversed with instructions to the trial court to grant appellant's motion for a new trial.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 172.