OUTLAW *v.* LANE, WARDEN, ETC.

[No. 0-705. Filed January 22, 1964.]

*Henry Outlaw pro se.*

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for respondent.

ARTERBURN, J.—We have a paper filed with the clerk of our court entitled "Notice of Appeal" by Henry Outlaw, petitioner, in which he states that he is notifying us that he is appealing from an adverse decision in an habeas corpus case in the LaPorte Circuit Court. He alleges he is a pauper but offers no proof thereof nor that he has petitioned the trial court to appeal as a pauper and appoint counsel, etc. He further does not allege or show that there is any merit in an appeal from an habeas corpus judgment in a trial court in the State of Indiana where the proceeding was to review a judgment of conviction in a criminal case involving the petitioner.

In Indiana the writ of habeas corpus will lie only where there is an affirmative showing on the face of the judgment record that the convicting court did not have jurisdiction and the judgment is absolutely void.

In the case of *Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 8, 40 N. E. 2d 658, 659 (cert. den.), 317 U. S. 630, 63 S. Ct. 50, 87 L. Ed. 509, we state:

" . . . We have repeatedly pointed out that the state courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. The question is solely one of jurisdiction. Where constitutional

rights, state or federal, are invaded or denied there are well known remedies provided, but these remedies must be sought in the court in which the judgment was rendered, or in this court upon appeal. No other state court has jurisdiction." See also: *Purcell* v. *Davie, Judge* (1957), 237 Ind. 700, 145 N. E. 2d 729.

Habeas corpus does not encompass coram nobis or a belated motion for a new trial.

The petitioner apparently is confused as to the jurisdiction of a state trial court as compared with a federal district court when it comes to reviewing a final judgment in a criminal proceeding. The federal courts have assumed a more extensive power of review in habeas corpus matters involving final judgments in criminal cases. *Lane* v. *Brown* (1963), 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892.

It would appear that the petitioner might find a more favorable reception to his plea in a habeas corpus proceeding in the federal court.

The "Notice of Appeal" by petitioner is ordered stricken from the record, since such a proceeding is unknown in our appellate practice before this court.

Landis, C. J., and Achor and Myers, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 459.