STATE OF INDIANA *v.* THOMAS EVERETT DOSSETT

[No. 1-477A75. Filed October 26, 1977. Rehearing denied November 17, 1977. Transfer denied March 2, 1978.]

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellant.

*William W. Gooden,* of Mt. Vernon, for appellee.

CASE SUMMARY

ROBERTSON, C.J.—The appellant-plaintiff, State of Indiana, appeals from the judgment of the trial court sustaining the

appellee-defendant, Dossett's, motion for a judgment on the evidence on Count II of the information charging Dossett under Indiana's habitual offender statutes. IC 1971, 35-8-8-1—2 (Burns Code Ed.).

The State contends that the trial court erred by sustaining Dossett's motion for judgment on the evidence as to Count II. Pursuant to the habitual criminal statutes, after a person is convicted of a felony, the State is required to prove two prior felony convictions for which the defendant was sentenced and imprisoned. The State argues that before Dossett's motion could be granted there must have been a total lack of evidence upon some essential element of this offense.

We find that the State did sustain this burden, and therefore we reverse.

In support of the action of the trial court, Dossett argues that the trial court did not err when it found that one of his prior convictions had been obtained in violation of his constitutional rights, was void, and being invalid, could not be used to enhance his sentence. Dossett relies on *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, wherein the Supreme Court found that the certified records of a prior Tennessee conviction, "on their face raise[d] a presumption that the petitioner was denied his right to counsel in the Tennessee proceeding and therefore that his conviction was void." The Supreme Court continued:

> Presuming waiver of counsel from a silent record is impermissible. *Carnley v. Cochran*, 369 U.S. 506. To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense (see *Greer v. Beto*, 384 U.S. 269) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.
>
> The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial and we are unable to say that

the instructions to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman v. California*, 386 U.S. 18.

389 U.S. at 114-115, 88 S.Ct. at 261-262, 19 L.Ed. at 324-325. Burgett had been charged under the Texas recidivist statute, and the allegations of four previous convictions, including in the indictment, were read to the jury at the commencement of the trial. He objected to the introduction of two records of one of the convictions on the grounds that in the first record, the judgment on its face showed that he had not been represented by counsel in violation of the Fourteenth Amendment, and that in the second record there was no indication counsel had been waived. The trial court struck from evidence the first record. Later, the court instructed the jury not to consider the prior offenses for any purpose whatsoever. Despite the fact that Burgett did not suffer the enhanced punishment provided by the Texas recidivist statute, the Supreme Court held that admission of the constitutionally infirm conviction was inherently prejudicial.

We agree with Dossett that a determination that the guily plea was knowingly and voluntarily made may not be inferred from a silent record, and that such a record would result in a constitutionally infirm conviction. In *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the Supreme Court stated:

It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.

. . .

A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.

. . .

In *Carnley v. Cochran* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: *"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show,*

that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

*We think that the same standard must be applied to determining whether a guilty plea is voluntarily made.* For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas v. Alabama,* 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.

395 U.S. at 242-243, 89 S.Ct. at 1711-1712, 23 L.Ed.2d at 279. (Emphasis added).

Our Indiana Supreme Court, after noting the federal criminal procedural rule requiring a guilty plea record, observed:

This reasoning is persuasive and was given constitutional dimension in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where the U.S. Supreme Court held that in order to satisfy the constitutional requirements of due process, the record of the entry of the plea must demonstrate a knowing and intelligent waiver by the accused of his constitutional rights. Since the *Boykin* case, presuming waiver from a silent record in guilty plea case is impermissible.

*Brimhall v. State* (1972), 258 Ind. 153, 164-165, 279 N.E.2d 557, 564. Finally, this court has interpreted the minimum requirements of *Boykin* to necessitate that an individual admonishment as to each of the accused's rights as enumerated in *Boykin* be revealed in the record. *Bonner v. State* (1973), 156 Ind. App. 513, 297 N.E.2d

867; *see: Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827; *Anderson v. State* (1975), 263 Ind. 583, 335 N.E.2d 225.

Dossett was sentenced on his guilty plea on March 11, 1971. Case law prior to such plea required the trial court to make a record sufficient "to establish that the [accused's] constitutional rights were protected or that he freely and understandingly entered his plea of guilty." *Thacker v. State* (1970), 254 Ind. 665, 669, 262 N.E.2d 189, 191; *see also: Dube v. State* (1971), 257 Ind. 398, 275 N.E.2d 7; *Goff v. State* (1960), 240 Ind. 267, 163 N.E.2d 888; *Dearing v. State* (1951), 229 Ind. 131, 95 N.E.2d 832; *Campbell v. State* (1951), 229 Ind. 198, 96 N.E.2d 876.

Because the record must reveal that he knowingly and intelligently waived his constitutional rights, failure to provide such a record would be error and would mandate reversal. *Bonner, supra.*

Although failure of the trial court to preserve a record demonstrating a constitutionally valid waiver requires reversal of the guilty plea conviction in Indiana, the failure to accord the defendant constitutional rights does not render the judgment void or subject to collateral attack. *Dowd v. Superior Court of La Porte County* (1941), 219 Ind. 17, 36 N.E.2d 765; *Dowd v. Anderson* (1942), 220 Ind. 6, 40 N.E.2d 658.

Generally, a party to a judgment may not collaterally attack the final judgment of a court of competent jurisdiction when the record is regular on its face. *Dowd v. Anderson, supra; Winstead v. Koonce* (1961), 241 Ind. 440, 172 N.E.2d 859. Such judgment is entitled to full faith and credit by courts of coordinate jurisdiction until set aside, either by appeal or by direct proceeding brought in the court rendering it for that purpose. *Steenburg v. Kyle* (1919), 188 Ind. 26, 121 N.E.2d 537; *Lane v. Hobbs* (1965), 246 Ind. 640, 208 N.E.2d 182, *cert. denied,* 383 U.S. 967, 86 S.Ct. 1272. Where a court has jurisdiction of the subject matter and of the person of the defendant, and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however

erroneous it may be. *City of Huntington v. Northern Indiana Power Co.* (1937), 211 Ind. 502, 5 N.E.2d 889; *Koepke v. Hill* (1901), 157 Ind. 172, 60 N.E. 1039 ("These were all questions of law and if the court had jurisdiction to decide them correctly, it likewise had jurisdiction to decide them erroneously," 157 Ind. at 178, 60 N.E. at 1041); *Smith v. Hess* (1884), 91 Ind. 424.

It follows that only errors affecting jurisdiction or the power or authority of the trial court to enter a judgment may be the basis of a collateral attack. *Lehman v. Montgomery* (1954), 233 Ind. 393, 120 N.E.2d 172;[1] *Dowd v. Todd* (1962), 243 Ind. 232, 184 N.E.2d 4; *Bailey v. Lane* (1966), 247 Ind. 193, 214 N.E.2d 174. In *Dowd v. Anderson*, 220 Ind. at 7-8, 40 N.E.2d at 658-659:

> [Anderson] was held on a commitment issued by the Crawford Circuit Court, a court of general jurisdiction, upon a judgment, regular upon its face, finding him guilty of murder upon his plea of guilty. He had served five years of his sentence when the proceeding was begun. The appellee's petition for habeas corpus alleges facts substantially identical with those in *State ex rel. Dowd, Warden v. Superior Court of La Porte County* [(1941), 219 Ind. 17], 36 N.E.2d 765. [Petitioner claimed he was deprived of services of an attorney at arraignment and plea.]

> It has been provided by statute, and uniformly held by this court from the earliest times, that a judgment of a court of competent jurisdiction cannot be collaterally attacked and overthrown in a habeas corpus proceeding; *that failure to accord the defendant constitutional rights is error, but does not render the judgment void.* Counsel for appellee recognizes this long established rule, but contends that the decisions of the Supreme Court of the United States require that it be abandoned. We do not so construe the cases.

> We have noticed the fact that *Congress has seen fit to make a different provision with respect to judgments entered by federal courts.* We have repeatedly pointed out that the state courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. *The question is*

---

1. From the court's discussion in this case it might be understood that if *any* error appears on the face of the record the judgment will be void. However such an interpretation was not pertinent to the outcome of that case, and in light of the wealth of precedent to the contrary, we do not find such an interpretation controlling.

*solely one of jurisdiction. Where constitutional rights, state or federal, are invaded or denied there are well known remedies provided, but these remedies must be sought in the court in which the judgment was rendered, or in this court upon appeal. No other state court has jurisdiction. State ex rel. Dowd, Warden, v. Superior Court of La Porte County, supra; Haden v. Dowd, Warden,* 1939, 216 Ind. 281, 23 N.E.2d 676. (emphasis added).

We find no support in Indiana for Dossett's argument that the judgment be found void because the error, which did not concern a jurisdictional matter, appears on the face of the judgment and record.

In Indiana, constitutional claims may only render the trial court's judgment voidable, *Wood v. Dowd* (1943), 221 Ind. 702, 51 N.E.2d 356, *cert. denied,* 321 U.S. 774, 64 S.Ct. 611; *Dowd v. Superior Court of La Porte County, supra,* regardless of the fact that, as Dossett has pointed out, upon a petition for writ of habeas corpus to a federal court, a collateral attack may be successful when based on a federal constitutional claim, *Outlaw v. Lane* (1964), 244 Ind. 650, 195 N.E.2d 459; *Ford v. State* (1967), 248 Ind. 438, 229 N.E.2d 634.

Dossett brings to our attention an Indiana case decided by the Seventh Circuit Court of Appeals, wherein the petitioner had been sentenced to life imprisonment under Indiana's habitual criminal statute and subsequently attempted to collaterally attack one of the prior convictions. *Smith v. Lane* (7th Cir. 1970), 426 F.2d 767, *cert. denied, Lash v. Smith,* 400 U.S. 874, 91 S.Ct. 103. The court found that from the brief record the district court could not determine whether Smith's plea of guilty was invalid because of a denial of his right to counsel. The court, before remanding for further proceedings, stated:

> If petitioner did not intelligently waive counsel in the 1942 proceeding, the 1942 conviction is invalid, and the life sentence which rests upon it is also invalid.

426 F.2d at 769.

This collateral attack on the prior state court's judgment, based

on the deprivation of a federal constitutional right, was permitted in federal court only after all state remedies were exhausted.

We do not deny Dossett a remedy for the use by the trial court of an allegedly constitutionally infirm conviction, but we do require that the proper procedure be followed when challenging a judgment in a court of coordinate jurisdiction.

Although a guilty plea may not be challenged by a motion to correct errors and direct appeal, the defendant may file at any time a petition under Ind. Rules of Procedure, Post-Conviction Remedies Rule P.C. 1. *Weyls v. State* (1977), 266 Ind. 301, 362 N.E.2d 481; *Crain v. State* (1973), 261 Ind. 272, 301 N.E.2d 751.

We consider *Lock v. State* (1975), 264 Ind. 25, 338 N.E.2d 262, to be analogous and illustrative. Pursuant to Ind. Rules of Procedure, Post-Conviction Remedies Rule P.C. 2, the defendant in *Lock* attempted to collaterally attack two previous convictions, claiming his pleas of guilty were invalid. In 1963, he had pleaded guilty to two counts of rape and had been sentenced to one year at the Indiana State Farm, which he served. At the time of his collateral attack, in 1974, he was to be tried for murder under IC 1971, 35-13-4-1, (Burns Code Ed.), which provided a death penalty on conviction for one who had a prior unrelated conviction of rape. The trial court denied defendant's petition for permission to file a belated motion for a new trial and motion to correct errors. In dismissing the defendant's appeal without prejudice to his rights to challenge his guilty pleas under P.C. Rule 1, our Supreme Court stated:

> Disregarding any questions of constitutionality of this statute, or its application to appellant — questions which he will have ample opportunity to present to the trial court — it remains obvious that if appellant's "prior unrelated convictions of rape" rest upon invalid pleas of guilt, he should be afforded the opportunity to so demonstrate and thereby remove himself from the class of those doomed to death.

> The preferred procedural mechanism for adjudicating post-conviction claims relating to guilty pleas is not, however, the filing of a belated motion to correct errors under P.C. Rule 2, as was here filed and denied. Rather, the proper method is the

filing of a petition for post-conviction relief pursuant to P.C. Rule 1. As we stated in *Crain v. State* (1973), 261 Ind. 272, 301 N.E.2d 751:

> "This holding goes beyond the mere technical considerations of a misnamed motion. Rather the type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea."

338 N.E.2d at 264.

Dossett does not argue that the State failed to prove the two prior felony convictions, sentences, and imprisonments. He merely questioned the validity of one of the convictions and its use if invalid. We have found that the constitutional validity of the prior conviction, however meritorious, may not be the basis of a collateral attack upon that prior judgment. There is no lack of evidence upon any element of the offense under Count II, the evidence is without conflict, and it is susceptible of one inference. Therefore, we hold that the State did prove all the elements of the habitual offender offense and that the trial court erred when in sustained Dossett's motion for judgment on the evidence thereon. Ind. Rules of Procedure, Trial Rule 50; *Carmon v. State* (1976), 265 Ind. 1, 349 N.E.2d 167; *Carroll v. State* (1975), 263 Ind. 696, 338 N.E.2d 264.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 368 N.E.2d 259.