BOARD OF COMMISSIONERS OF BEN-
TON COUNTY, State of Indiana,
Appellants (Plaintiffs Below),

v.

Loyd WHISTLER, Auditor of Benton
County, Appellee (Defendant Below),

and

Agnes Hickman, Cora Murphy, Loyd
Whistler, Lillian Goetz, Bob Nesbitt, Na-
dine Laswell, Harold Furr, Lyndall Win-
terstein, and Helen Brost, Appellees (In-
tervenors Below),

and

The Board of Trustees of the Public Em-
ployees' Retirement Fund of Indiana,
Appellees (Defendants Below).

No. 4–582A107.

Court of Appeals of Indiana,
Fourth District.

Nov. 14, 1983.

Rehearing Denied Jan. 10, 1984.

Charles R. Vaughan, Charles Max Layden, Vaughan, Vaughan & Layden, Lafayette, for appellants.

Stephen C. Bower, Kentland, for appellees.

MILLER, Judge.

The instant case arises from the Board of Commissioners of Benton County's (Commissioners) dispute over its modification to

a resolution to enroll certain county employees in the Public Employees' Retirement Fund (PERF). The Commissioners brought two different suits, one against the County Auditor and the other against the PERF Board, resulting in opposing effective dates for the modification. After both judgments had been rendered, certain Benton County employees attempted to intervene in and to consolidate both suits to protect their interests in the retirement benefits, and the trial court granted the employees' petition for declaratory judgment by adjudging the second decision invalid. The Commissioners appeal this declaration setting forth various grounds for reversal. We find the trial court's decision was invalid and reverse and remand for further proceedings.

## ISSUES

We reverse this action because of procedural problems arising from the employees' failure to properly intervene in one of the cases and their failure to consolidate them. However, because one intervention was actually accomplished and because we remand the case, we must address certain pertinent issues raised by the Commissioners:

1. Did the trial court err in granting intervention to the employees?
2. Did the trial court err in granting the employees' motion to consolidate?
3. Was the second judgment substantively incorrect because the Commissioners were estopped from relitigating whether their PERF resolution had been properly modified?

## FACTS

In September, 1974, the County Council of Benton County adopted a resolution to join PERF, which resolution enrolled all elected county officials and their employees in the pension fund. The Council later attempted to modify Benton County's inclusion in the fund, prior to the effective date of January 1, 1975, by limiting the enrollment to only the county highway employees. The County Auditor, pursuant to a letter from the Attorney General's office,

presented his proposed payroll to the Commissioners, incorporating deductions for withholding PERF contributions for *all* county employees, not just county highway employees. The Commissioners brought an action for injunctive relief against the County Auditor in Benton Circuit Court in July, 1975, to prevent such deductions from being made. The trial court, in denying the Commissioners' complaint, rendered its judgment that the modification of Benton County's PERF enrollment would not be effective for six years, and, until that time, the Auditor must make deductions for all county employees:

"6. Deletion of the group 'All County Employees' was accomplished by notice to the Board of Trustees of Public Employees' Retirement Fund prior to January 1, 1975, but after September 25, 1974, in conformity, and not in conflict with the provisions of I.C. 5–10–1–23. The Court, thus, concludes that the group 'All County Employees' of Benton County were, in conformity with statute, withdrawn from participation in Public Employees' Retirement Fund, such ceasation [sic] of participation of said group to be effective on and after January 1, 1981."

Record, p. 69. *No appeal was taken.*

In March, 1976, the Commissioners initiated a second suit in the same court, this time against the PERF board, and sought a declaratory judgment that the modification *was* effective. A different judge ruled only county highway employees were covered by the PERF agreement because the modification *had* been effective:

"It further appears to the court and the court consludes [sic] the trustees of the Public Employees' Retirement Fund agreed that any modification received prior to the effective date would be accepted and the action of the Board in January, 1975, constituted a ratification of the prior agreement and related back to the date of receipt of the modification. The court further concludes that the representations made by the representative of the Public Employees' Retirement Fund in regard to modification was a

part of the consideration involved in entering into the original contract.

There being no clear statutory violation herein the intention of the parties is that only Benton County Highway employees be covered by the Public Employees' Retirement Fund and that all County employees plus all county elected officials are not covered by Public Employees' Retirement Fund."

Record, p. 612. *No appeal was taken this time either* (by PERF in this instance).

In September, 1977, county employees who were included in PERF in the first judgment, but not the second, intervened in the first (1975) action, the one brought against the County Auditor. They sought, and a third judge granted, a declaratory judgment that the second (1976) judgment was invalid. A fourth judge denied the Commissioners' motion to correct errors, and this appeal followed.

### DECISION

*Grounds for Reversal*

 The crux of the problem here is that all parties have assumed both petitions for intervention were granted and the cases consolidated. However, we have searched the record and have found that at no time was the petition to intervene in the second suit nor the motion to consolidate ever granted. And neither party has correctly cited to any portion of the record where they were granted.[1] The resolution of this case in this court would have indeed been different if such had been done. However, the record filed in this case imports absolute verity and is conclusive on us in absence of contradiction to the clerk's certification. *See Southern Indiana Gas & Electric Co. v. Decker,* (1974) 261 Ind. 527, 307 N.E.2d 51; *Auto Owners Insurance Co. v. Buckeye Union Casualty Co.,* (1962) 133 Ind.App. 379, 182 N.E.2d 429. The parties' assertions in

their briefs that the county employees effectively intervened in and consolidated the two cases cannot refute the record. *See Browne v. Blood,* (1964) 245 Ind. 447, 199 N.E.2d 712. Only one petition to intervene was actually granted; the other such petition and the motion to consolidate were not. Thus, no error can be predicated thereon. *See Falender v. Atkins,* (1911) 178 Ind. 476, 94 N.E. 323; *Richmond Gas Corp. v. Reeves,* (1973) 158 Ind.App. 338, 302 N.E.2d 795. The practical effect thereof is to leave us with only the consideration of the effect of the first (1975) case wherein a petition to intervene was actually granted.

 It is quite apparent that by reason of intervention in one suit we have been presented an appeal from a collateral attack—attacking the validity of the judgment in the second suit by bringing action in the first. The decision of such appeal can have no effect inasmuch as a collateral attack cannot affect another judgment. This court has said that

"[g]enerally, a party to a judgment may not collaterally attack a final judgment of a court of competent jurisdiction when the record is regular on its face.... Such judgment is entitled to full faith and credit by courts of coordinate jurisdiction until set aside, either by appeal or by direct proceeding brought in the court rendering it for that purpose."

*State v. Dossett,* (1977) 174 Ind.App. 501, 505, 368 N.E.2d 259, 262; *Gill v. Wilke,* (1970) 253 Ind. 576, 255 N.E.2d 662. A collateral attack could overturn the second (1976) judgment only if such judgment were void. *State v. Dossett, supra.* The second judgment was not void. The single judgment here improperly enforces only the first judgment at the expense of the second and must therefore be reversed. However, we must point out the parties still have quite a predicament with one valid judgment in 1975 and another valid one in 1976,

---

1. The employees refer us to page 150 in the record as to the location of the orders granting intervention in both suits and the motion for consolidation. (The Commissioners, on the other hand, have not referred us to any place in the record to support the proposition.) The order found at the referenced page is an accumulation of several entries and orders under the first action's cause number. The order records that the trial court granted the petition to intervene, for that suit only, but makes no mention of any motion for consolidation.

neither of which has ever been directly attacked. In all practicality, it could place the Commissioners in contempt of court no matter what they do because they have procured two opposing judgments. Thus, a remand to disentangle the Commissioners is appropriate. In so doing, the following issues will again be raised so we feel compelled to address them to avoid any more expenditure of judicial time than necessary.

*Intervention*

The trial court granted intervention to the employees in the first judgment in spite of the Commissioners' arguments their petition was untimely because it was proffered 20 months after judgment. Inherent in any discussion of this sort must be reference to Ind.Rules of Procedure, Trial Rule 24, governing intervention, permissive and of right. In this particular case, we believe the employees were seeking to intervene as of right within the following:

"Upon timely motion anyone shall be permitted to intervene in an action . . .

(2) when the applicant claims an interest relating to a property, *fund* or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties."

Ind.Rules of Procedure, Trial Rule 24(A) (emphasis added). The interest the employees are, of course, trying to protect is their respective contributions already made to PERF by reason of the first judgment. Such contributions belong to each individual member. *See* IND.CODE 5–10–3–22 (Burns 1974) (suspension of membership entails return of contributions and interest credits). These contributions may have been either voluntary or involuntary depending upon whether, at the time the PERF contract was entered, the employee elected to become a member within a year of employment, it being mandatorily imposed thereafter. IND.CODE 5–10–3–14

(Burns 1974) (applicable on or after July 1, 1959). Thus, an affected Benton County employee may have acquired a vested right in PERF itself by voluntary membership and subsequent retirement. *See Jensen v. Pritchard,* (1950) 120 Ind.App. 439, 90 N.E.2d 518 (voluntary contributions and administration by board of trustees indicate retirement fund created vested annuities rather than pensions distributed at the pleasure of the state). But that particular determination is not so important as the fact that these contributions do belong to each contributing retired or unretired member of PERF and whether that money becomes a part of a viable retirement plan or is merely returned with accrued interest is of considerable concern. A particular example is found with respect to one Benton County employee who is currently drawing upon PERF by reason of her recent retirement.[2] We believe protecting the specific disposition of one's money is of sufficient magnitude to qualify one to intervene as of right in an action that threatens to make the less desirable decision. One problem in this case is that the employees' intervention after judgment in the first case is incongruous because their interests were victorious therein. Thus, we must examine the entire fabric of this action to put the importance of the first judgment in perspective with the whole problem. Such examination will also necessarily deal with the issue of timeliness of the employees' petitions to intervene.

It is true that a petition to intervene after judgment is disfavored; however, extraordinary and unusual circumstances will warrant granting such request, and the trial court will not have abused its discretion thereby. *Bryant v. Lake County Trust Co.,* (1975) 166 Ind.App. 92, 334 N.E.2d 730. Thus, intervention has been granted after judgment where the petitioner's rights cannot otherwise be protected. *See, e.g., Cuthill v. Ortman-Miller Machine Co.,* (7th Cir.1954) 216 F.2d 336; *Wolpe v. Poretsky,* (D.C.Cir.) 144 F.2d 505, *cert. de-*

---

**2.** This employee, Agnes Hickman, evidently attempted to withdraw from this case, but we have not found where her motion to so dismiss her complaint was ever granted.

nied (1944) 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621 Annot., 57 A.L.R. Fed. 150, § 15[d] (1982); see also Bryant v. Lake County Trust Co., supra (federal cases applying FED.R.CIV.P. 24 appropriate in T.R. 24 determinations). In the case here, the employees had no reason to intervene in the first judgment to protect their interests because they had initially been treated favorably when the Commissioners lost their bid to avoid the PERF agreement. The second judgment was the first real threat to the disposition of the employees' money, thereby justifying the 18-month lapse after the first judgment before their petition to intervene was filed. They had no such need for concern prior to that time, but after the second judgment, the enforcement of the first became doubtful. Thus, the protection of the first judgment itself was sufficient grounds for granting the employees' petition for intervention, particularly when viewed in conjunction with the attempt to intervene in and consolidate with the second judgment.

The employees had no reason to believe the PERF Board would not adequately defend the case the Commissioners brought against them regarding the contributions to the fund. Thus, it was inevitable that the time for appeal would pass before the employees realized the Commissioners had been granted an enforceable judgment directly contrary to their interests which would not be challenged by the denominated defendant, the PERF Board.[3] Hence, intervention in the second suit was filed seventy days after judgment.

The employees might properly have sought remedy for this sad result of the second action by intervening only in that action. However, the employees' plan to intervene in both judgments and consolidate them clarifies their intervention in the first—relief from the second judgment necessarily implicates the enforcement of the

first. Thus, the employees sought an Ind. Rules of Procedure, Trial Rule 60, solution on the basis of the combination of the two cases rather than any single and inartfully pleaded solution to each of them: setting aside the second judgment revives the vitality of the first. This is in accord with the procedure delineated in Ind.Rules of Procedure, T.R. 24(C). Thus, the employees attempted to rectify the shambles in which the Commissioners had left the validity of the PERF contract by attempting to illuminate the singularity of the issue in the actions and to resolve it once and for all. This is in contradistinction to the prejudice and disorder feared from post-judgment interventions. See Bryant v. Lake County Trust Co., supra. In its parallel efforts to achieve this goal, the trial court did not abuse its discretion in granting the employees their petition for intervention in the first judgment.

*Consolidation*

If the employees proceed with the intervention in the second judgment, it is probable [4] the question of consolidation will again arise. Ind.Rules of Procedure, Trial Rule 42, governs:

> "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated...."

In the cases here, there is definitely a commonality in the two actions regarding the validity of the Commissioners' attempted amendment to the PERF contract. In addition, both cases were litigated in the same court, Benton Circuit. (Not that this is crucial to consolidation, see, e.g., Piskorowski v. Shell Oil Co., (1980) Ind.App., 403 N.E.2d 838). The only issue is whether both cases can be considered pending.

---

**3.** We additionally note the PERF Board has since disclaimed any interest in these proceedings. Thus, the employees are indeed unrepresented with respect to the second judgment in the absence of intervention.

**4.** As we noted earlier, intervention in the second case alone would serve as a direct attack upon the only judgment which imperils the employees' interest. It may be on remand that the employees take this route and abandon their attempt to consolidate.

By reason of intervention, both these cases are returned to "pending" status, even though judgment was entered. An action is considered pending so long as it is still subject to review by this court. *Ensweiler v. City of Gary,* (1975) Ind.App., 325 N.E.2d 507. A petition for intervention can be subject to review in this court, even if only interlocutory. T.R. 24(C); Ind.Rules of Procedure, Appellate Rule 4(B). (The version of T.R. 24(C) in effect at the time of the instant suit allowed appeal from a petition to intervene only from a final judgment.) Thus, the consolidation of these two cases, as pending actions, would not have been error.

*Estoppel*

The issue stirring up the greatest controversy is whether the trial court in the second action (against PERF) initially erred in failing to find the Commissioners estopped from litigating an issue they had already lost in the first judgment (against the Auditor). We believe the trial court did err in not so determining.

It is first imperative we demonstrate that the same issue was seminal to both cases. In the first case, the Commissioners brought suit to enjoin the Auditor from making payroll deductions for PERF. The foundation of this action lay in the belief that the Council's modification of the original PERF contract was effective to eliminate the language, "all county employees," from its obligation. The first court found otherwise and declared the change would not go into effect for six years. The Commissioners initiated the second suit as a complaint for declaratory judgment, requesting a ruling "that the only member of Benton County government covered by the Public Employees' Retirement Fund are [sic] the Benton County Highway Employees, and for all other proper relief." Record, p. 273. The Commissioners insist this is really an action to reform the PERF contract, a slick, but hardly credible argument, especially in view of the actual judgment, which ruled the modification had been effective. This declaration contradict-

ed almost word for word the conclusion of the first judgment. Besides, the first court had already denied the Council's extrajudicial modification. A court action sounding in reformation is the same issue with the same sought-after result. We are therefore confronted with the classic case of the branch of res judicata labeled variously as estoppel by verdict or finding, *Peterson v. Culver Educational Foundation,* (1980) Ind. App., 402 N.E.2d 448, collateral estoppel, and issue preclusion. *Biggs v. Marsh,* (1983) Ind.App., 446 N.E.2d 977; *Snodgrass v. Baize,* (1980) Ind.App., 405 N.E.2d 48.

Three of the four elements basic to the doctrine of res judicata are present here: (1) a court of competent jurisdiction rendered the judgment, (2) the issue regarding the effect of the attempted amendment was determined in the first judgment, and (3) the judgment in the first case was on the merits. *See Moxley v. Indiana National Bank,* (1982) Ind.App., 443 N.E.2d 374; *Glass v. Continental Assurance Co.* (1981) Ind.App., 415 N.E.2d 126; *Peterson v. Culver Educational Foundation,* (1980) Ind.App., 402 N.E.2d 448. The knotty question devolves on the fourth element: "the particular controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *Id.* at 460; *Mayhew v. Deister,* (1969) 144 Ind.App. 111, 244 N.E.2d 448. The inquiry is easily resolved by the simple fact that Indiana courts have carved out an exception to the identity of parties requirement when the judgment concerns local government.

"The authorities are almost unanimous in holding that, in the absence of a showing of fraud or collusion, a judgment against an officer of a local government, respecting matters which are of general and public interest, entered in an action where there was a bona fide controversy, is binding and conclusive upon all residents, citizens, and taxpayers of the local government."

*Simmons v. Woodward,* (1940) 217 Ind. 15, 26 N.E.2d 37, 39. In the *Simmons* case the state, on relation of the school board, brought a declaratory action against the

county auditor in Sullivan County. The resultant judgment declared unconstitutional the statute authorizing the county board of tax adjustment and mandated the auditor to spread upon the county tax duplicate the rates as established by the school board. No appeal was taken. Several taxpayers later brought an action against the Sullivan county treasurer to enjoin him from collecting taxes established by the school board, which were in excess of the rate authorized by the board of tax adjustment. The taxpayers alleged the prior judgment did not bind them because they had not been parties thereto. Our supreme court ruled that the demurrer to the complaint had been properly sustained by the trial court because the earlier judgment was not appealed, was of general and public concern, and was against the auditor, considered a representative of the local residents, citizens and taxpayers. It is important to note that not only was the prior judgment a bar to a party different from the first suit but was raised by one who had also not been a party (treasurer).[5]

In the later case of *Oviatt v. Behme,* (1958) 238 Ind. 69, 147 N.E.2d 897, the supreme court reached the same conclusion in the case of an election dispute. Oviatt brought a declaratory action against the Vanderburgh County Election Board to have him announced eligible and qualified to run for the office of county treasurer. The trial court ruled for Oviatt, and no appeal was taken. After Oviatt was elected, Behme, an unsuccessful candidate for treasurer, brought an action against Oviatt to contest the election. The supreme court declared the trial court erred in awarding the election to Behme because he, as a member of the general public, was bound by the judgment against the election board even if it were erroneous. We realize that in the *Oviatt* case, the supreme court re-solved the issue by stating the first judgment was the law of the case and therefore binding upon later litigants of the same question. However, the court cited the *Simmons* case as support for its conclusion, and the "law of the case" doctrine is technically incorrect inasmuch as such "law" is established by an appellate court, not a trial court. As we recently defined the term,

> "[L]aw of the case designates the doctrine that an appellate court's determination on a legal issue is binding on both the trial court on remand and an appellate court on a subsequent appeal given the same case and substantially the same facts."

*Hinds v. McNair,* (1980) Ind.App., 413 N.E.2d 586, 607. Thus, the unappealed *judgment* in the *Oviatt* case used in a different case does not fit within the appellate principle of law of the case but does fit within the doctrine of res judicata. Hence, we feel justified in relying on its result, as well as that in the *Simmons* case, to conclude that res judicata applies in the instant case despite the lack of identity of parties in the two suits.[6]

The first judgment in favor of the auditor upon a budgetary matter of public concern to Benton County residents may indeed have been erroneous, but it went unappealed. Its effect is to estop the Commissioners from relitigating the issue of the amendment to the PERF contract against the PERF Board itself in another suit. Establishing the conclusion to this issue for purposes of the second claim preordains the result of the suit against the PERF Board. We understand the problems this could cause in Benton County budgetary matters, but the Commissioners were given one full and fair opportunity to litigate the issue. Their failure to appeal is a misfortune, but

---

5. Nor do we see the treasurer as a privy to the auditor when we have defined "privy" as "one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment," *Mayhew v. Deister,* 244 N.E.2d at 454, by inheritance, succession, or purchase. *Braun v. Loshe,* (1979) 180 Ind.App. 641, 390 N.E.2d 189.

6. This lack of identity of parties is authorized for federal courts by reason of the United States Supreme Court decision in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* (1971) 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788. *See Biggs v. Marsh,* 446 N.E.2d 977; *Bender v. Peay,* (1982) Ind.App., 433 N.E.2d 788 (Garrard, J. dissenting).

such misfortune is not license to relitigate. Once is enough. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* (1971) 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788.

The case is reversed and remanded for further proceedings consistent with this opinion.

CONOVER, P.J., and YOUNG, J., concur.