**Denise K. WHITE and Herman White, Appellants,**

v.

**The VERMILLION COUNTY BOARD OF ZONING APPEALS, Edward J. Kanizer, II, Joan M. Kanizer, and Vermillion County Recycling, Inc., Appellees.**

No. 83A04–9009–CV–412.

Court of Appeals of Indiana, Fourth District.

April 3, 1991.

William J. Tabor, Terre Haute, for appellants.

Michael D. Burton, Clinton, for appellees.

CONOVER, Judge.

Intervenors-appellants Denise and Herman White (Whites) appeal the Vermillion Circuit Court's order denying their motion to intervene as of right in a certiorari proceeding filed by petitioners-appellees Edward II and Joan Kanizer, and their corporation Vermillion County Recycling, Inc. (Kanizers), for review of the Vermillion County Board of Zoning Appeals' (Board) decision denying the Kanizers' application for a special exception to construct and operate a solid waste transfer station and recycling plant on their real estate.

We reverse.

The issues presented by this appeal are

1. whether the court erred by denying the Whites' motion to intervene without a hearing,

2. whether a Board of Zoning Appeals' verified minutes containing each members' vote and his or her orally stated reasons therefor, constitute the Board's statutorily-required "written findings of fact" in a special exception zoning appeal,

3. whether the trial court erred by remanding the cause to the Board for rehearing de novo because the record contained no special findings of fact. As cross-error, the Kanizers assert:

1. the White's petition to intervene, filed 7 months after the Kanizers filed their petition for writ of certiorari, was filed too late, and the trial court properly denied intervention.

The Kanizers filed an application for a special exception to construct and operate a solid waste transfer station and a recycling plant on four of their 11 acres in Vermillion County with its Board of Zoning Appeals. The Whites own real estate near the Kanizers' property, and spoke in opposition at the Zoning Board's hearing on the matter. After two separate hearings, the Board denied the Kanizers' application by a two to one vote, one Board member being absent.

While voting, each Board member orally stated their reasons for voting the way they did. These statements were reduced to writing and included as part of the Board's certified minutes. As certified, these minutes were forwarded to the trial court as the Board's record in response to the trial court's writ of certiorari, issued by the court when the Kanizers petitioned for review of the Board's proceedings. However, the Board's recording secretary did not file the exhibits or testimony received at these hearings with the certified minutes.

The trial court then entered an order remanding the case to the Board "for a rehearing on the [Kanizers'] Petition for Special Exceptions." The findings in its order stated

9. That even though the minutes of the ... meeting of the Vermillion County Board of Zoning Appeals refers to findings of the Vermillion County Board of Zoning Appeals, the written executed

Findings of Fact, or reasons, for the decision of the ... [Board] has not been filed with this Court.

10. That even though the minutes [refer] to exhibits and testimony presented to the ... [Board] ..., the exhibits or the transcript of the testimony of said meeting has not been filed with this Court.

11. That without a transcript of the proceedings of the ... [Board's hearing] and without a written executed Findings of Fact, or reasons, signed by the Board of the Vermillion County Board of Zoning Appeals, this court is unable to make a judicial review of the proceedings held by the [Board at its hearing].

22 days later, the Whites filed a motion to intervene and to correct error or obtain relief from the trial court's order of remand. The court denied their motion without a hearing. When the Whites filed a motion to correct error as to that order, the trial court certified it under Ind. Trial Rule 54(B) as a final order as to the Whites and no just reason for delay existed.

The Whites appeal both the order denying intervention and the order remanding for hearing de novo.

They first claim the court erred by overruling their motion to intervene even though it was filed some 22 days after the trial court's order remanding the cause to the Board for hearing de novo, citing *Hinds v. McNair* (1972), 153 Ind.App. 473, 287 N.E.2d 767, 773, in support of that proposition. While not contesting the Whites' position on that score, the Kanizers assert an application to intervene either as a matter of right or by permission under T.R. 24(A)(2) or (B) must be timely filed with the trial court. That determination "is largely committed to the discretion of the trial court." *Llewellyn v. Beasley* (1981), Ind.App., 415 N.E.2d 789, 792; *Bryant v. Lake County Trust Co.* (1975), 166 Ind.App. 92, 334 N.E.2d 730, 735. We agree with both parties.

The trial court denied the Whites' T.R. 24(A)(2) motion to intervene without granting them a hearing to establish (a) their interest in the subject of the action, (b) whether the action's disposition may im-

pede protection of that interest, (c) whether representation of that interest by the existing parties is inadequate, and (d) the timeliness of the motion's filing. *Llewellyn, supra,* at 792. The trial court's failure to hold such a hearing constitutes reversible error. *Id.*

We cannot, however, consider the balance of the issues raised by the Whites in this appeal because all the above criteria are fact-sensitive. Thus, the propriety and timeliness of the Whites' motion to intervene must first be determined by the trial court in the exercise of its sound discretion after hearing. *Id.*

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

For two reasons, I do not agree that denial of the Whites' petition to intervene is reversible.

First, the petition was filed some seven months after certiorari had been sought by Kanizers. In this regard, it must be assumed that Kanizers followed the procedure required by statute and that notice was served upon Whites as an adverse party if, as asserted by Whites, they did in fact appear at the zoning hearing in opposition to the special zoning exception. *See* I.C. 36–7–4–1005 (West's Ann.Code 1983). Their belated concern that their interests would not be protected in the certiorari review is not persuasive.

Whites concede that the grant or denial of intervention lies within the sound discretion of the court. *Bryant v. Lake County Trust Co.* (1975) 3rd Dist., 166 Ind.App. 92, 334 N.E.2d 730. Although the court might have appropriately permitted intervention seven months after the certiorari petition was filed I do find denial of intervention to be an abuse of discretion.

More importantly, however, the petition was not filed until twenty-two days after the court had made its decision of unre-

viewability and had remanded the matter to the Board. This order of remand constituted a divestment by the court of its jurisdiction, at least temporarily. The matter was once again pending before the Board. For this reason and at this juncture in the proceedings, it was not, therefore, inappropriate to deny the intervention petition.

Furthermore, but in a somewhat related context, Whites have not shown that, absent intervention at the particular point in time, their rights could not otherwise be protected. *See Board of Commissioners of Benton County v. Whistler* (1983) 4th Dist.Ind.App., 455 N.E.2d 1149. It is entirely possible that Whites might be heard once again before the Board, although I agree with the position taken by them that the remand order of the court was improper insofar as it contemplated a de novo evidentiary hearing before the Board. It is also possible that if and when the Board enters proper findings or a statement of reasons, the court might, upon reasserting its jurisdiction, permit intervention for the certiorari review.

I would affirm the order denying intervention.