RUSSELL LASH *v.* WILLIAM WRIGHT.

[No. 472A165. Filed September 20, 1972.]

Theodore L. Sendak, Attorney General, William D. Bucher, Deputy Attorney General, for appellant.

Harriette Bailey Conn, Public Defender, Paul J. Baldoni, Deputy Public Defender, for appellee.

STATON, J.—William Wright was transferred to the Indiana State Prison in Michigan City, Indiana after being sentenced to one to five years by the Putnam Circuit Court for escape from the Indiana State Farm. Before his escape, William Wright was serving a one year sentence at the Indiana State Farm for theft. While serving his term for escape at the Indiana State Prison, he filed a "Verified Petition for Writ of Habeas Corpus" for the reason that his one year sentence for theft had been served before he took his leave from the Indiana State Farm and was charged with escape. The LaPorte Circuit Court granted his petition for writ of habeas corpus. Russell E. Lash, Warden of the Indiana State Prison, filed his "Motion to Correct Errors" alleging the following errors:

1. Overruling his motion to dismiss.

2. Ordering William Wright's release.

We reverse the LaPorte Circuit Court's judgment for the reason that it did not have jurisdiction to grant the writ sought by the petition.

STATEMENT OF THE FACTS: A Lake County criminal court jury found William Wright guilty of theft, and the court sentenced him on January 26, 1970 to not less than one nor more than ten years on the Indiana State Farm. William

Wright filed a motion to correct errors which was sustained by the Lake County criminal court. Its judgment was vacated. When William Wright was returned to the Lake County criminal court, he entered a guilty plea to the same offense, theft. He was sentenced on December 21, 1970 for a determinate period of one year on the Indiana State Farm, and no credit was given him for time already served.[1] William Wright escaped upon his return to the Indiana State Farm. On February 24, 1971 he was taken into custody and charged with escape from the Indiana State Farm. He was found guilty by the Putnam Circuit Court and sentenced on April 8, 1971 to not less than one nor more than five years to be served at the Indiana State Prison in Michigan City, Indiana. A petition for post conviction relief was filed the next month with the Putnam Circuit Court. Later, on October 21, 1971, William Wright filed his "Verified Petition for Writ of Habeas Corpus" with the LaPorte Circuit Court. The next day, October 22, 1971, the Lake County criminal court held a hearing upon a petition for post conviction relief filed by Mr. Paul J. Baldoni, Deputy Public Defender, during the month of February, 1971. At the conclusion of the hearing, the court made the following entry:

"The defendant was sentenced to one (1) to ten (10) years at the Indiana State Prison, in this cause of action, on February 5, 1970; the defendant was imprisoned approximately eleven (11) months pending disposition of an Appeal in which the defendant prevailed, IT IS ORDERED by the Court that the time spent in prison should be credited as time served in connection with this Court's sentence of one (1) year, imposed on December 21, 1970.

"IT IS NOW ORDERED by the Court, that the defendant William Wright, in custody of the Sheriff of Lake County, Indiana, be returned to the custody and control of the Warden of the Indiana State Prison.

/s/ Edward C. Reardon
Commissioner"

1. See IC 1971, 11-7-5-1; Ind. Ann. Stat. § 13-511 (Burns 1956).

The LaPorte Circuit Court held a hearing December 20, 1971 upon William Wright's "Petition for Writ of Habeas Corpus." The trial court entered the following order:

"Comes now the petitioner, William Wright, by counsel, Paul J. Baldoni, Deputy Public Defender for the State of Indiana; the State of Indiana is represented by William Bucher, Deputy Attorney General for the State of Indiana. Thereupon evidence on said Petitioner's Petition for Writ of Habeas Corpus is heard, and the Court being duly advised in the premises orders, and it is now ordered and decreed that said petitioner, William Wright, be and is hereby discharged from the custody of the Warden of the Indiana State Prison, Michigan City, Indiana."

The Warden, Russell E. Lash, filed his motion to correct errors which alleged these two errors:

"(1) The Court erred in denying the Respondent's Motion to Dismiss. IC 1971, 34-1-57-13, as found in Burns' 3-1918, precludes this Court from granting the relief sought by the Petitioner.

"(2) The Court erred in ordering the release of the Petitioner. He was being held pursuant to a valid commitment from the Putnam Circuit Court. This Court lacks the jurisdiction to pass on the validity of a commitment. Further, the conviction for escape in the Putnam Circuit Court was proper, since such a conviction does not depend on the legality of the confinement from which escape is made."

*STATEMENT ON THE LAW:* The Warden, Russell E. Lash, contends that the LaPorte Circuit Court lacked jurisdiction to order William Wright's release from the prison. He further contends that only the Putnam Circuit Court could rule on the validity of the one to five year escape conviction and that the LaPorte Circuit Court was mandated by statute and the Indiana Rule of Procedure P. C. 1, § 1(c) to transfer the petition for writ of habeas corpus to the Putnam Circuit Court. We agree with this contention.

P. C. 1, § 1(c) of the Indiana Rules of Procedure clearly divests the LaPorte Circuit Court of jurisdiction for the

purpose of granting relief upon William Wright's petition for a writ of habeas corpus. This rule states:

> "(c) This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this rule."

William Wright's petition for writ of habeas corpus attacks his confinement in the Indiana State Prison which resulted from an escape conviction and sentence of not less than one nor more than five years. His petition states:

> "(B) That upon his confinement in the Indiana State Farm, which was unconstitutional, unlawful and contrary to law, he did leave the Indiana State Farm without permission and was taken into custody, February 24, 1971 and charged with escape, thereafter on April 8, 1971 your Petitioner/defendant was erroneously sentenced to the Indiana State Prison to serve a one (1) to five (5) year term for the alleged escape from the Indiana State Farm."

Transfer of a petition for a writ of habeas corpus to the court ". . . where the petitioner was convicted or sentenced . . ." is mandatory under P. C. 1, § 1(c). A trial court having only jurisdiction of the petitioner's person and having received for filing a petition for writ of habeas corpus must transfer the cause without delay. Jurisdiction exists for no other purpose than to receive the filing of the petition and to transfer the cause to the ". . . court where the petitioner was convicted or sentenced . . ." so that the relief sought can be granted or denied.

The contention of William Wright that such a construction would contravene Art. I, § 27 of the Constitution of Indiana is without merit. Rule P. C. 1, § 1(c) does not suspend the writ nor diminish its availability. It merely designates the forum where the merits of Wright's petition will be determined.

We need not decide here the merits of William Wright's petition for writ of habeas corpus since we have found error and must reverse the LaPorte Circuit Court's judgment which granted William Wright's petition. The Putnam Circuit Court must decide whether William Wright was justified in escaping from the Indiana State Farm.[2] *Callahan* v. *New York Central R. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 547; *Finney* v. *L. S. Ayres & Co.* (1965), 137 Ind. App. 430, 207 N. E. 2d 642; *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N. E. 2d 127.

The judgment of the LaPorte Circuit Court should be and the same hereby is reversed with instructions to transfer cause number 36232-C to the Putnam Circuit Court forthwith.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 287 N. E. 2d 255.

---

2. See *Johnson* v. *State* (1972), 258 Ind. 515, 282 N. E. 2d 802.