Charles MILLER, Appellant,

v.

Gary Warren LOWRANCE, Appellee.

No. 48S02–9306–CV–703.

Supreme Court of Indiana.

Feb. 24, 1994.

Rehearing Denied July 13, 1994.

Pamela Carter, Atty. Gen., Janice E. Kreuscher and Thomas D. Quigley, Deputy Attys. Gen., for appellant.

Caroline B. Briggs, Flora, Mark Ryan, Kokomo, for appellee.

ON PETITION TO TRANSFER PURSUANT TO IND. APPELLATE RULE 4(A)(9)

GIVAN, Justice.

On December 7, 1989, appellee was convicted in the Vanderburgh Circuit Court of two counts of attempted murder. He received a sentenced of thirty (30) years on each count, to run concurrently. In an opinion published at 565 N.E.2d 375, the Court of Appeals affirmed appellee's conviction.

On March 8, 1993, appellee filed a "Petition for Writ of Habeas Corpus" in the Madison Circuit Court where he was incarcerated at the Correctional Industrial Complex. On March 12, 1993, the court granted the petition by finding that appellee was being held on a void judgment of conviction, sentence and commitment order.

Appellant, in his capacity as Superintendent of the Correctional Industrial Complex, has appealed the Madison Circuit Court's decision to grant the "Petition for Writ of Habeas Corpus." Because this appeal involves a question of law of substantial public importance requiring an early determination, this Court took jurisdiction of the appeal from the Court of Appeals pursuant to Ind. Appellate Rule 4(A)(9).

■ Appellant contends the Madison Circuit Court lacked jurisdiction to rule on the petition for writ of habeas corpus. He further contends that the Madison Circuit Court was mandated by statute and Ind. Post–Conviction Rule 1(1)(c), to transfer the petition to the Vanderburgh Circuit Court. To support his contention, appellant cites *Lash v. Wright* (1972), 153 Ind.App. 299, 287 N.E.2d 255.

In *Lash*, the Court of Appeals held that the Circuit Court before which the petitioner was convicted and sentenced rather than the circuit court in which the petitioner was incarcerated had jurisdiction to rule on the validity of such conviction on a petition for writ of habeas corpus. The court relied on P–C.R. 1(1)(c) in reaching its holding. This rule states:

> This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

In the case at bar, appellee's petition for writ of habeas corpus contends that he was being held on a void judgment and abstract of judgment. Appellee claims that the entry of judgment and abstract of judgment were signed and entered by Robert S. Matthews who was the master commissioner in Vanderburgh County. He further claims that Matthews was never appointed as a special judge and therefore lacked the authority to enter a judgment.

Appellee's petition for writ of habeas corpus attacks the validity of his conviction and sentence which both serve as the bases for the confinement in the Correctional Industrial Complex. Therefore, it falls within the parameters of P–C.R. 1(1)(c) of the Indiana Rules of Procedure which clearly requires the Madison Circuit Court to transfer the petition to the Vanderburgh Circuit Court. The Madison Circuit Court only had jurisdiction to receive the filing of the petition and transfer the cause to the court where the petitioner was convicted or sentenced. *Lash, supra.*

■ The contention of appellee that appellant waived his right to transfer the cause to the Vanderburgh Circuit Court by failing to request the transfer during the Madison Circuit Court hearing is without merit. The record of the hearing on the petition for habeas corpus indicates that appellant argued that the Madison Circuit Court lacked jurisdiction to hear the case, citing *Dowd v. Anderson* (1942), 220 Ind. 6, 40 N.E.2d 658.

■ Appellant contends the Madison Circuit Court lacked jurisdiction to look behind the judgment issued by the Vanderburgh Circuit Court. He claims the abstract of judgment was regular on its face.

■ State courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. *State v. Dossett* (1977), 174 Ind. App. 501, 368 N.E.2d 259. Such a judgment is entitled to full faith and credit by courts of coordinate jurisdiction until set aside, either by appeal or by direct proceedings brought in the court rendering it for that purpose. *Id.*

In the instant case, the abstract of judgment was signed and entered by Robert S. Matthews who was the master commissioner in Vanderburgh County. The elected judge

for the Vanderburgh Circuit Court at the time was the Honorable William Miller. In its order granting the writ of habeas corpus, the Madison Circuit Court found that Judge Miller never recused himself or otherwise divested himself of jurisdiction or authority to act in the cause. The court further found that the committing order restraining appellee was invalid on its face.

We express no opinion as to the former finding, but we disagree with the latter one. The finding that the committing order (Abstract of Judgment) was invalid on its face was based on the Madison Circuit Court's conclusion that Robert Matthews lacked the authority to sign it as judge. In reaching this conclusion, the court had to review the record of the case and determine whether Matthews had served as special judge. Moreover, its finding that Judge Miller never recused himself or divested himself of jurisdiction or authority to act in the cause required a review of the record in the case. Without its extrinsic review of the record, the court could not have found that the committing order was invalid. Therefore, it is regular on its face.

Appellant's brief on appeal addressed two additional issues pertaining to the merits of the appellee's petition for writ of habeas corpus. However, we need not decide here the merits of the petition for writ of habeas corpus since we have found error and must reverse the Madison Circuit Court's order which granted the petition. *Lash, supra.* The Vanderburgh Circuit Court must decide whether Robert Matthews had the authority to render the judgment and sign the abstract of judgment.

The judgment of the Madison Circuit Court is hereby reversed with instructions to transfer the cause to the Vanderburgh Circuit Court.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.

SHEPARD, C.J., concurs with separate opinion.

SHEPARD, Chief Justice, concurring.

I agree with Justice Givan that the claim presented by Gary Lowrance should have been transferred to the Vanderburgh Circuit Court for consideration as a petition for post-conviction relief. I write separately to note that the principles at work today apply to collateral challenges under habeas corpus and post-conviction relief rules, and not to similar problems which arise during direct appeals.