**Charles MILLER, Superintendent, Appellant–Respondent,**

v.

**Jeffrey S. HEIRONIMUS, Appellee–Petitioner.**

No. 48A04–9311–CV–407.[1]

Court of Appeals of Indiana, First District.

Aug. 29, 1994.

1. This case was transferred to this office August 3, 1994, by direction of the Chief Judge.

Pamela Carter, Atty. Gen., David L. Steiner, Deputy Atty. Gen., Indianapolis, for appellant.

ROBERTSON, Judge.

Charles Miller, Superintendent of the Correctional Industrial Complex at Pendleton, Madison County, Indiana, appeals from the order which granted Jeffrey S. Heironimus relief on his petition for writ of habeas corpus. Miller claims that the Madison Circuit Court did not have jurisdiction to review the criminal record to determine the status of the trial judge but only had jurisdiction to transfer the case to the Vanderburgh Circuit Court under our post-conviction rules. We reverse.

The record reveals that Heironimus was convicted of robbery and was found to be an habitual offender on April 24, 1986, in the Vanderburgh Circuit Court. The Honorable Robert S. Matthews signed the ABSTRACT OF JUDGMENT, in the space provided for "Signature of committing judge" on April 28, 1986 (R. 123). Our supreme court affirmed the conviction on direct appeal. *Heironimus v. State* (1987), Ind., 511 N.E.2d 1071.

Heironimus filed a petition for writ of habeas corpus in the Madison Circuit Court, as he was then incarcerated in Madison County. In response to the petition, Miller contended that the court was required to transfer the petition to the Vanderburgh Circuit Court pursuant to Ind. Post–Conviction Rule 1 § 1(c). The Madison Circuit Court nevertheless granted the petition and noted that Robert S. Matthews had not been the presiding judge of the Vanderburgh Circuit Court at the time of commitment. In its order which granted the writ of habeas corpus, the court found that Judge Miller, the presiding judge of the Vanderburgh Circuit Court at the time, had never recused himself or otherwise divested himself of jurisdiction or authority to act in the case (R. 49). The court further found that the commitment order restraining Heironimus was invalid on its face (R. 50).

Our supreme court addressed the issues presented here in *Miller v. Lowrance* (1994), Ind., 629 N.E.2d 846. The court noted that state courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. *Id.* at 847. Such a judgment is entitled to full faith and credit by courts of coordinate jurisdiction until set aside, either by appeal or by direct proceedings brought in the court rendering it for that purpose. *Id.* The court continued:

In the instant case, the abstract judgment was signed and entered by Robert S. Matthews who was the master commission-

er in Vanderburgh County. The elected judge for the Vanderburgh Circuit Court at the time was the Honorable William Miller. In its order granting the writ of habeas corpus, the Madison Circuit Court found that Judge Miller never recused himself or otherwise divested himself of jurisdiction or authority to act in the cause. The court further found that the committing order restraining appellant was invalid on its face.

We express no opinion as to the former finding, but we disagree with the latter one. The finding that the committing order (Abstract of Judgment) was invalid on its face was based on the Madison Circuit Court's conclusion that Robert Matthews lacked the authority to sign it as judge. In reaching this conclusion, the court had to review the record of the case and determine whether Matthews had served as special judge. Moreover, its finding that Judge Miller never recused himself or divested himself of jurisdiction or authority to act in the cause required a review of the record in the case. Without its extrinsic review of the record, the court could not have found that the committing order was invalid. Therefore, it is regular on its face.

*Miller,* 629 N.E.2d at 848. The same result obtains here. The Madison Circuit Court could not have found the abstract of judgment was invalid without an extrinsic review of the record. That document therefore was regular upon its face.

We turn now to whether the Madison Circuit Court should have transferred the cause to the Vanderburgh Circuit Court. Our Ind. Post–Conviction Rule 1 § 1 states:

> (c) This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

Our supreme court addressed this issue in *Miller,* when it stated:

> Appellee's petition for writ of habeas corpus attacks the validity of his conviction and sentence which both serve as the bases for the confinement in the Correctional Industrial Complex. Therefore it falls within the parameters of P–C.R. 1(1)(c) of the Indiana Rules of Procedure which clearly requires the Madison Circuit Court to transfer the petition to the Vanderburgh Circuit Court. The Madison Circuit Court only had jurisdiction to receive the filing of the petition and transfer the cause to the court where the petitioner was convicted or sentenced.

*Miller,* 629 N.E.2d at 847 (citation omitted).

The Vanderburgh Circuit Court must decide whether Robert Matthews had the authority to render the judgment and sign the abstract of judgment. *Id.* The judgment of the Madison Circuit Court is therefore reversed with instructions to transfer the cause to the Vanderburgh Circuit Court. *See id.*

Judgment reversed.

NAJAM and RILEY, JJ., concur.