**Lonnie WICKLIFFE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 77A01–9903–PC–94.**

Court of Appeals of Indiana.

Nov. 5, 1999.

Lonnie Wickliffe, Michigan City, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Petitioner Lonnie Wickliffe (Wickliffe) appeals the Sullivan County Circuit Court's ("Sullivan court") denial and subsequent transfer of Wickliffe's State Writ of Habeas Corpus to the Marion County Superior Court ("Marion court").

We affirm.

*ISSUE*

Wickliffe raises several issues for our review which we consolidate and restate as whether the Sullivan court properly transferred Wickliffe's Writ of Habeas Corpus to the Marion court.

*FACTS AND PROCEDURAL HISTORY*

Wickliffe was convicted of first-degree murder at the conclusion of a jury trial in Marion Criminal Court on September 26, 1975. He was sentenced to life imprisonment. Wickliffe appealed his conviction

---

and the Indiana Supreme Court affirmed the trial court's judgment. *Wickliffe v. State*, 424 N.E.2d 1007 (Ind.1981).

On January 4, 1999, while Wickliffe was imprisoned and detained at the Wabash Valley Correctional Facility in Sullivan County, he petitioned for State Writ of Habeas Corpus in the Sullivan court. On January 7, 1999, the Sullivan court denied and dismissed Wickliffe's petition. On January 7, 1999, Wickliffe filed, pro se, a Motion For Leave For Rehearing. On January 27, 1999, Wickliffe also filed, pro se, a Motion For Reduction of Sentence. On February 2, 1999, the Sullivan court denied Wickliffe's motion for rehearing and also entered an order that Wickliffe's sentence reduction motion attacked the validity of his conviction, and pursuant to Ind.Post–Conviction Rule 1 § 1(c), transferred the cause to the Marion County Superior Court. Wickliffe now appeals the transfer of his cause.

## DISCUSSION AND DECISION

Wickliffe argues that the Sullivan court improperly denied and transferred his State Writ of Habeas Corpus to the Marion court. Wickliffe contends that the Sullivan court should have instead granted him a special hearing on his Writ of Habeas Corpus to be held in the Sullivan court. Therefore, we will review whether the Sullivan court should have transferred the cause to the Marion court.

Ind.Post–Conviction Rule 1 § 1 states:

(c) This Rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

Our supreme court addressed this issue in *Miller v. Lowrance*, 629 N.E.2d 846 (Ind.1994), when it stated:

Appellee's petition for writ of habeas corpus attacks the validity of his conviction and sentence which both serve as the bases for the confinement in the Correctional Industrial Complex. Therefore it falls within the parameters of P–C.R. 1(1)(c) of the Indiana Rules of Procedure which clearly requires the Madison Circuit Court to transfer the petition to the Vanderburgh Circuit Court. The Madison Circuit Court only had jurisdiction to receive the filing of the petition and transfer the cause to the court where the petitioner was convicted or sentenced.

*Miller*, 629 N.E.2d at 847 (citation omitted).

In the case at hand, Wickliffe's petition for writ of habeas corpus attacked the validity of his conviction and sentence which serve as the bases for his confinement at the Wabash Valley Correctional Facility in Sullivan County. Therefore, it falls within the parameters of P–C.R. 1(1)(c) of the Indiana Rules of Procedure which clearly requires the Sullivan court to transfer the petition to the Marion court. The Sullivan court only had jurisdiction to receive the filing of Wickliffe's writ and transfer the cause to the court where he was convicted or sentenced. Thus, the Sullivan court did not have jurisdiction to grant Wickliffe's writ and grant him a special hearing in the Sullivan court and the Sullivan court properly denied and transferred Wickliffe's writ to the Marion court.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.