Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 01 2014, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTHONY TAYLOR**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY TAYLOR, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 52A04-1306-MI-309 |
| | ) | |
| MARK R. SEVIER, SUPERINTENDENT OF | ) | |
| MIAMI CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Timothy P. Spahr, Judge
Cause No. 52C01-1301-MI-19

April 1, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Anthony Taylor appeals the grant of summary disposition in favor of Mark R. Sevier, Superintendent of Miami Correctional Facility ("the Superintendent"), on Taylor's petition styled as a writ of habeas corpus but treated as a petition for post-conviction relief.[1] Taylor raises the issue on appeal that it was error for his writ to be treated as a petition for post-conviction relief. Concluding *sua sponte* that the Miami County Circuit Court lacked jurisdiction to address the merits of Taylor's petition, we reverse and remand with instructions.

## Facts and Procedural History

In 1991, Taylor was convicted in Marion County Superior Court of burglary, a Class B felony; rape, a Class B felony; and criminal confinement, a Class D felony. Taylor was sentenced to ten years for each of the Class B felonies, and 545 days for the Class D felony, all to run concurrently. Taylor's burglary sentence was then enhanced an additional twenty years based on the determination that Taylor was an habitual offender.

On April 17, 2006, Taylor was released on parole. Taylor was arrested only four months later, on August 8, for carrying a handgun and wearing body armor. On August 15, Taylor was arrested for parole rule violations. Taylor pled guilty to all but one of the alleged parole violations; the parole board found he violated the remaining count. The parole board assessed the balance of Taylor's thirty-year sentence for the violations. In April 2007, Taylor was convicted of unlawful possession of a firearm by a serious violent

---

[1] Taylor was incarcerated in the Miami Correctional Facility at the time he filed his writ of habeas corpus.

felon. Taylor received a fifteen year sentence on this charge.[2] The fifteen-year sentence was to run concurrent with the 1991 thirty-year sentence.

On January 14, 2013, Taylor filed a "Verified Petition for a Writ of Habeas Corpus" in the Miami Circuit Court, alleging that the parole board improperly calculated his sentence. He also alleged that he was improperly charged with being an habitual offender as a separate offense, and that there were deficiencies in the parole revocation proceedings that resulted in a denial of due process. The Superintendent moved for summary disposition, and on June 10, 2013, the trial court granted the Superintendent's motion. In its findings, the court concluded that Taylor's motion was better construed as a petition for post-conviction relief. The trial court also found that the parole board did not misconstrue Taylor's sentence and he was not entitled to immediate release for his 1991 convictions. It further concluded Taylor waived any challenge to the 2006 parole revocation by pleading guilty, and regardless of waiver, Taylor received adequate due process in the parole hearings. Taylor now appeals.

---

[2] Taylor also was convicted of unlawful possession of body armor as a Class D felony and adjudicated an habitual offender. He was ordered to serve an aggregate sentence of thirty-five years (fifteen years for the serious violent felon charge and three years for the unlawful possession of body armor charge, to run concurrently, and an additional twenty years for the habitual offender enhancement). A panel of this court reversed Taylor's habitual offender status on appeal, see Taylor v. State, 878 N.E.2d 542 (Ind. Ct. App. 2007), resulting in the aggregate fifteen-year sentence. Taylor then filed a petition for post-conviction relief, alleging that his trial counsel and appellate counsel were ineffective for failing to make a double jeopardy objection to the remaining convictions. This petition for post-conviction was denied based on the fact that while there might have been a double jeopardy violation, there was no harm to Taylor. On appeal, a different panel of this court determined that the convictions violated the prohibition against double jeopardy, rendering his counsel ineffective, and remanded with instructions to vacate Taylor's conviction and sentence for unlawful use of body armor. See Taylor v. State, 964 N.E.2d 314 (Ind. Ct. App. 2012). Because the two sentences were to run concurrently, Taylor's fifteen year aggregate sentence was unchanged.

3

## Discussion and Decision

Though neither party questions the Miami Circuit Court's jurisdiction, we are required to consider the issue *sua sponte*. Albright v. Pyle, 637 N.E.2d 1360, 1363 (Ind. Ct. App. 1994). Post-Conviction Rule 1(1)(c) states:

> This Rule does not suspend the writ of habeas corpus, but if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

Taylor challenged the validity of his sentence when he alleged the trial court improperly applied his habitual offender enhancement as a separate sentence, not an enhancement of another charge. The trial court therefore correctly classified Taylor's claim as one of post-conviction relief. However, the court then went on to address the merits of Taylor's claim and granted summary disposition to the Superintendent. This was improper under the post-conviction rules, because the Miami Circuit Court was not the court where Taylor's conviction took place. The Miami Circuit Court did not have jurisdiction to do any more than receive the petition and transfer it to the court where Taylor was originally convicted. The transfer is mandatory under the post-conviction rules. Miller v. Lowrance, 629 N.E.2d 846, 847 (Ind. 1994). Because there was an error that mandates reversal and further proceedings, we need not address the merits of Taylor's claim.

## Conclusion

Concluding *sua sponte* the Miami Circuit Court lacked jurisdiction to consider Taylor's petition for post-conviction relief, we reverse the grant of summary disposition

4

in favor of the Superintendent and remand with instructions to transfer the cause to Marion Superior Court for further proceedings.

Reversed and remanded.

BARNES, J., and BROWN, J., concur.