## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT *PRO SE*

Gregory A. Caudle
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory A. Caudle,

*Appellant,*

v.

Dick Brown, in his capacity as Superintendent of the Wabash Valley Correctional Facility,

*Appellee.*

November 4, 2015

Court of Appeals Case No.
77A01-1505-MI-370

Appeal from the Sullivan Circuit Court

The Honorable Robert Hunley, II, Judge
The Honorable Robert E. Springer, Magistrate

Trial Court Cause No.
77C01-1504-MI-247

**Bradford, Judge.**

# Case Summary

Appellant-Petitioner Gregory A. Caudle appeals following the denial of his petition for writ of habeas corpus. In this petition, Caudle alleged that he was being restrained unlawfully and was entitled to immediate release from confinement.

On appeal, Caudle contends that the trial court erred in denying his petition rather than transferring the petition to the court which imposed Caudle's conviction and sentence. Concluding that the trial court did not err in considering and ruling upon Caudle's petition, we affirm.

# Facts and Procedural History

On or about August 2, 2013, in the Marion County Superior Court, Caudle was convicted of Class B felony burglary and Class A misdemeanor resisting law enforcement. He was also found to be a habitual offender. In light of his convictions and the habitual offender finding, Caudle was sentenced to an aggregate term of thirty-eight years.

On April 14, 2015, Caudle filed a "Verified Petition for State Writ of Habeas Corpus" in the Sullivan Circuit Court, *i.e.*, the circuit court in the county in which he is incarcerated. Appellant's App. p. 7. In this petition, Caudle alleges that the charging information was not lawfully filed and argues that, as a result, he is being held "illegally and cruel and unusually and must be discharged immediately!" Appellant's App. p. 9. The Sullivan County trial court denied

Caudle's petition. Caudle subsequently filed a motion to reconsider, which was also denied by the Sullivan County trial court. This appeal follows.

## Discussion and Decision

[5] The issue on appeal is whether the trial court erred by denying Caudle's petition for writ of habeas corpus rather than transferring said petition to the Marion County Superior Court.

> Indiana Code section 34-25.5-1-1 … provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id.*

*Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied*.

[6] While the proper venue for a petition for writ of habeas corpus is the county where the petitioner is being held, "State courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. *Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994) (citing *State v. Dossett*, 174 Ind. App. 501, 368

N.E.2d 259 (1977)). Thus, where a petitioner applies for a writ of habeas corpus in the county where he is incarcerated which challenges the validity of his conviction or sentence, "that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule." Ind. Post-Conviction Rule 1(1)(c).

[7] Again, on April 14, 2015, Caudle, *pro se*, filed a document entitled "Verified Petition for State Writ of Habeas Corpus" in the Sullivan County Circuit Court. Appellant's App. p. 7. In this petition, Caudle alleges that the charging information was not lawfully filed and argues that, as a result, he is being held "illegally and cruel and unusually and must be discharged immediately!" Appellant's App. p. 9. Upon review, we read Caudle's petition as an assertion that he is entitled to immediate release because he is allegedly being restrained unlawfully. This is exactly the type of claim properly presented in a petition requesting a writ of habeas corpus. Further, we do not interpret any of the statements made in Caudle's petition as constituting an attack on his conviction or sentence. As such, the Sullivan Circuit Court properly considered and ruled on Caudle's petition.

[8] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.