# MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Jun 14 2018, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony W. Shepard<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Angela N. Sanchez<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony W. Shepard,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent.* | June 14, 2018<br><br>Court of Appeals Case No.<br>33A01-1611-PC-2716<br><br>Appeal from the Henry Circuit Court.<br>The Honorable Kit C. Dean Crane, Judge.<br>Trial Court Cause No.<br>33C02-1608-PC-3 |

### Friedlander, Senior Judge

[1] The State has petitioned for rehearing of this Court's decision in *Shepard v. State*, Cause No. 33A01-1611-PC-2716 (Ind. Ct. App. Mar. 22, 2018), in which we determined that Anthony Shepard is entitled to an evidentiary hearing on his

challenge to the voluntariness of his plea agreement. His guilty plea, and the resulting conviction, led to the revocation of his parole. We reversed the post-conviction court's grant of summary disposition in favor of the State and remanded for further proceedings. We now grant the State's petition for rehearing for the sole purpose of clarifying what is required on remand but affirm our opinion in all respects.

[2] The State does not challenge the Court's conclusion that an evidentiary hearing is required. Instead, the State argues that the Henry Circuit Court is the wrong court to hear Shepard's claims because he was convicted in Allen County. Henry County is merely Shepard's county of incarceration, so the State asks the Court to order Shepard's petition to be transferred to Allen County.

[3] We agree with the State. *See Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994) ("State courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face."). As a result, we grant rehearing, affirm our previous Memorandum Decision, and direct the Henry Circuit Court to transfer Shepard's petition to Allen County for further proceedings.

Baker, J., and Najam, J., concur.