## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christopher Rondeau
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Rondeau,

*Appellant-Petitioner,*

v.

Dushan Zatecky,

*Appellee-Respondent.*

June 26, 2018

Court of Appeals Case No.
48A02-1709-MI-2348

Appeal from the
Madison Circuit Court

The Honorable
Mark Dudley, Judge

Trial Court Cause No.
48C06-1707-MI-615

**Kirsch, Judge.**

[1] Christopher Rondeau ("Rondeau") was tried, convicted of murder, and sentenced by the Marion Superior Court. Following the denials of his direct

appeal and his petition for post-conviction relief, Rondeau filed Petition for a Writ of Habeas Corpus ("Writ") in the Madison Circuit Court, contending that he was being wrongfully detained in the Pendleton Correctional Facility. Respondent Dushan Zatecky ("Zatecky"), the Superintendent of the Pendleton Correctional Facility, filed a motion asserting that Rondeau's Writ should be considered a petition for post-conviction relief and requesting that it be transferred to the sentencing court. The Madison Circuit Court granted Zatecky's request, and Rondeau's Writ was transferred to Marion Superior Court. Rondeau now appeals and raises three issues that we consolidate and restate as: whether the Madison Circuit Court erred when it transferred Rondeau's Writ to the county where he was convicted and sentenced, pursuant to Indiana Post-Conviction Rule 1(1)(c).

[2] We affirm.

## Facts and Procedural History

[3] Rondeau was convicted of murder and sentenced in June 2010 to fifty-five years in the Indiana Department of Correction. Rondeau filed a direct appeal, and this court affirmed his conviction by memorandum decision. *Rondeau v. State*, No. 49A02-1006-CR-694, 2011 WL 977075 (Ind. Ct. App. Mar. 21, 2011), *trans. denied*. The *Rondeau* decision reveals that, in April 2009, Rondeau, then thirty-nine years old, lived with his grandmother ("Grandmother"), age seventy-seven, and her brother-in-law, Adolf Stegbauer ("Adolf"), age sixty-nine. On April 9, a sword fight erupted between Rondeau and Adolf. Grandmother intervened and was stabbed, and "Adolf was stabbed at least ten

times, suffering injuries to his hand, arm, abdomen, head, heel, foot, and shoulder." *Id*. at *1. Rondeau called 911, and all three were transported to the hospital. Grandmother suffered a massive hemorrhage and died shortly after arriving at the hospital. Rondeau spoke to police at the hospital, describing the sword fight involving him, Grandmother, and Adolf. Adolf died four days later, and "The cause of death was sharp force injury to the abdomen that caused bacteria in his stomach to be released into his peritoneal and abdominal cavities and led to septic shock." *Id*. at *2. The State charged Rondeau with Adolf's murder and Class C felony reckless homicide relating to Grandmother's death. The jury found Rondeau guilty of Adolf's murder and not guilty of reckless homicide in the death of Grandmother, and the sentencing court imposed a sentence of fifty-five years. *Id*.

[4]     Rondeau's direct appeal alleged errors with regard to trial court discovery rulings, the admission of evidence at trial, and the sufficiency of evidence to support his murder conviction. In finding that the evidence was sufficient and that there was no error in the jury rejecting his self-defense claim, the *Rondeau* court referred to specific physical evidence about Adolf, including that he was sixty-nine years old, he weighed 169 pounds, comparing it to Rondeau who weighed 250, and Adolf had a BAC of .252 due to the fact that he had been drinking all day. The court also stated that the evidence showed that Adolf suffered "at least ten" stab wounds. *Id*. at *9. The *Rondeau* court affirmed his conviction. Rondeau filed a petition for post-conviction relief, and, following a hearing, the post-conviction court denied his petition. Thereafter, this court

affirmed the post-conviction court's denial of his petition. *Rondeau v. State*, 48 N.E.3d 907 (Ind. Ct. App. 2016), *trans. denied*.[1]

[5] On July 20, 2017, Rondeau filed a Petition for Writ of Habeas Corpus ("Writ") in the Madison Circuit Court. In his Writ, Rondeau claimed that "the pretended cause" of his restraint is murder and that the restraint "is illegal" because the Marion Superior Court did not have subject matter jurisdiction of his case because, he claims, Adolf "died in 2008 in Germany."[2] *Appellant's App. Vol. II* at 7. He asserts:

> Indiana courts do not have subject matter jurisdiction over German citizens that died in Germany in 2008, and therefore, there is no statutory or common law authority for the court to hear the case concerning [the murder charge]. There was no crime committed in Indiana in 2009, like the [State] alleges, as the Petitioner cannot kill someone in 2009, that was already dead, according to his own government since 2008.
>
> . . . .
>
> The [State] has not shown proof that "Adolf Stegbauer" was alive after 2008, or that he was in the United States at the time of

---

[1] After the Indiana Supreme Court denied transfer, Rondeau filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Indiana, raising nine issues, including ineffective assistance of trial and appellate counsel, insufficient evidence, denial of his right to a speedy trial, jury instruction error, and violation of his rights when a computer was seized during a search. *Rondeau v. Zatecky*, No. 1:16-cv-762-WTL-DKL, 2016 WL 4088720 (S.D. Ind. Aug. 2, 2016). The District Court denied his petition for writ of habeas corpus, finding that "[e]ach of Rondeau's habeas claims . . . is barred from consideration here because of Rondeau's unexcused procedural default consisting of his failure to fully and fairly present them [to] the Indiana Supreme Court." *Id*. at *3.

[2] Rondeau does not include any documentary evidence in support of his assertion that his great-uncle Adolf Stegbauer died in Germany in 2008, nor does he indicate when or how he learned of the alleged death.

the alleged murder in 2009, or that a person named "Adolf
Stegbauer" ever even existed at the time of the alleged crime.
The [State] has never met it's burden of proof giving Indiana
courts subject matter jurisdiction to hear a case concerning
anyone named "Adolf Stegbauer."

*Id*. at 8. Rondeau contends in his Writ that the conviction was "void" from its

inception, "a complete nullity and without legal effect," and that, therefore, he

is entitled to immediate release. *Id*. at 11.

[6] On August 18, 2018, Zatecky filed a motion to transfer Rondeau's Writ to the

Marion Superior Court, which was the court that convicted and sentenced him.

*Id.* at 28-31. Zatecky's motion maintained that the Madison Circuit Court did

not have jurisdiction over Rondeau's Writ because Rondeau was challenging

the validity of his conviction, which pursuant to Indiana Post-Conviction Rule

1(1)(c), must be transferred to the convicting court, here, Marion County

Superior Court Criminal Division 1. On September 1, 2017, the Madison

Circuit Court issued its order granting Zatecky's motion to transfer, ordering

that:

this action be **TRANSFERRED** to the Marion County Superior
Court Criminal Division 1, cause number 49G01-0904-MR-
038670, because the petitioner is seeking to attack the validity of
his conviction, which he cannot do in this court. *Miller v.
Lowrance*, 629 N.E.2d 846 (Ind. 1994).

*Id*. at 43. Rondeau now appeals.

# Discussion and Decision

[7] Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint. *Manley v. Butts*, 71 N.E.3d 1153, 1156 (Ind. Ct. App. 2017), *trans. denied*. We review the trial court's habeas decision for an abuse of discretion. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008).

[8] A petitioner is entitled to habeas corpus relief "only if he is entitled to his immediate release from unlawful custody." *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009). However, a petitioner "'may not file a writ of habeas corpus to attack his conviction or sentence.'" *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014) (quoting *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied*. Rather, he or she "must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration)." *Hardley*, 893 N.E.2d at 743 (citing Ind. Post-Conviction Rule 1).

[9] Indiana Post-Conviction Rule 1 section 1(c) provides:

> [I]f a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

Rondeau claims on appeal that Post-Conviction Rule 1(1)(c) does not apply, and thus the Madison Circuit Court should not have transferred his Writ, because he "only challenged the trial court[']s subject matter jurisdiction or authority to hear the case[,]" and he was not actually attacking "the validity of his conviction or sentence." *Appellant's Br*. at 14. We disagree.

[10] The basis of Rondeau's Writ is that Adolf died in 2008 in Germany, and consequently, the Marion Superior Court did not have subject matter jurisdiction over his case, in which he was charged with the murder of Adolf. *See id*. (asking, "How can one 'murder' a dead person?"). Rondeau contends that, because there was no subject matter jurisdiction, the ensuing murder conviction and judgment were void. *Appellant's App. Vol. II* at 7.

[11] In *Miller v. Lowrance*, 629 N.E.2d 846 (Ind. 1994), Lowrance was convicted in 1989 in the Vanderburgh Circuit Court of two counts of attempted murder. In 1991, this court affirmed his convictions. In 1993, he filed a petition for writ of habeas corpus in the Madison Circuit Court, where he was incarcerated at the correctional facility, alleging that he was being held on a void judgment because the person who signed the abstract of judgment was never appointed a special judge, and thus lacked the authority to enter a judgment. *Id*. at 847. The Madison Circuit Court granted the petition. The superintendent of the

correctional facility appealed, arguing that the Madison Circuit Court lacked jurisdiction to rule on the petition and that Post-Conviction Rule 1(1)(C) required that the Madison Circuit Court transfer the petition to the Vanderburgh Circuit Court. *Id.* Our Supreme Court found that Lowrance's petition for writ of habeas corpus, which, like Rondeau, alleged that the judgment was void, "attacks the validity of his conviction and sentence" and "falls within the parameters of P-C R. 1(1)(C)." *Id.* Therefore, the Court reversed the Madison Circuit Court's decision to grant the petition and instructed that the cause be transferred to Vanderburgh Circuit Court.

[12] Likewise, here, Rondeau's Writ challenged the validity of his conviction and sentence, and the Madison Circuit Court properly transferred it to the Marion Superior Court, where Rondeau was convicted and sentenced.[3]

[13] Affirmed.

Baker, J., and Bradford, J., concur.

---

[3] While we do not reach the merits of Rondeau's claim that the judgment was void – because Adolf purportedly was already deceased, and Rondeau could not have murdered him – we note that it does not appear from the record before us, nor does he allege, that he filed a motion to dismiss the murder charge on the basis that Adolf was not the person he stabbed in a sword fight on April 9, 2009. Accordingly, Rondeau may have waived any argument that Adolf was not the person he stabbed, which is the premise of his claim that the trial court did not have subject matter jurisdiction over his case.